UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20992-CIV-MARRA

DONALD ALAN TOBKIN,

    Appellant,
vs.

THE FLORIDA BAR,

    Appellee.
_____/

**OPINION AND ORDER**

Donald Alan Tobkin ("Tobkin"), a Chapter 7 debtor, appeals the Bankruptcy Court's Memorandum Opinion Denying the Debtor's Motion to Dismiss and Granting The Florida Bar's Motion for Summary Judgment ("Opinion") [DE 1; Adv. Pro. No. 12-01415, ECF No. 42]. The Court has carefully considered the briefs and supplemental filings of the parties, the entire record on appeal, and is otherwise fully advised in the premises.

**I. Background**

On March 10, 2010, the Florida Supreme Court entered a judgment in favor of The Florida Bar ("Florida Bar") against Tobkin, disbarring Tobkin from the practice of law in the State of Florida for a period of five years (the "Disbarment Judgment"). As part of the disbarment, the Supreme Court of Florida imposed a sanction against Tobkin that required him to pay restitution for the benefit of his former client in the amount of $20,602.04. Additionally, pursuant to its discretionary authority under

Rules Regulating the Florida Bar 3-76(q)(2), the Supreme Court of Florida imposed a judgment against Tobkin in favor of the Florida Bar in the amount of $12,217.39 (the "Cost Judgment").

On September 1, 2011, Tobkin filed a voluntary bankruptcy petition under Chapter 13 in the Bankruptcy Court for the Southern District of Florida. *In re Donald Alan Tobkin*, Case No. 11-34669-LMI.  Tobkin listed the Florida Bar on Schedule D as a secured creditor, but failed to list the Florida Bar on the "Creditor Matrix."  Opinion at 2.  Thus, the Florida Bar did not receive notice of the bankruptcy petition until after the claims bar date.  On February 23, 2012, the case was converted from Chapter 13 to Chapter 7.  *Id*.

On January 3, 2012, Tobkin filed an adversary complaint seeking to (1) disallow the Florida Bar's yet-to-be filed claim, (2) strike any yet-to-be filed objection of the Florida Bar to Tobkin's Chapter 13 Plan, (3) determine the validity, priority and extent of the Florid Bar's yet-to-be filed claim, and (4) invalidate and void the Disbarment Judgment.  Opinion at 3.  *Tobkin v. The Florida Bar*, Adv. Pro. No. 12-01003 (Bankr. S.D. Fla.) ("Initial Adversary Proceeding).  The Florida Bar moved to dismiss the Initial Adversary Proceeding, which motion was granted.  Adv. Pro. No. 12-01003, ECF No. 17.  *Id*.

On May 22, 2012, the Florida Bar filed an adversary proceeding against Tobkin, *The Florida Bar v. Tobkin*, Adv. Pro. No. 12-01415 (Bankr. S.D. Fla.) ("Dischargeability Action"), seeking a determination that the Cost Judgment against Tobkin is non-

dischargeable under 11 U.S.C. § 523(a)(7) [Adv. Pro. No. 12-01415, ECF No. 1].  On July 9, 2012, Tobkin filed a Motion to Dismiss the Adversary Proceeding ("Motion to Dismiss) [Adv. Pro. No. 12-01415, ECF No. 11].  Shortly thereafter, on July 18, 2012, the Florida Bar filed its Motion for Summary Judgment ("Motion for Summary Judgment") [Adv. Pro. No. 12-01415, ECF No. 17].

Prior to the hearing on both the Motion to Dismiss and the Motion for Summary Judgment in the Dischargeability Action, Tobkin served the Florida Bar with several sets of requests for admission.  The Florida Bar served answers to Tobkin's First Set of Requests for Admission, but sought a protective order regarding the remaining requests arguing they would not lead to information pertaining to the dischargeability of the Cost Judgment.  *See* Adv. Pro. No. 12-01415, ECF No. 27.  In the days after the Florida Bar's Motion for Protective Order, Tobkin filed a Motion to Compel Better Responses from the Florida Bar.  On October 15, 2012, the Bankruptcy Court entered an Order Granting the Florida Bar's Motion for Protective Order and a separate Order Denying Appellant's Motion to Compel.  [Adv. Pro. No. 12-01415, ECF No. 36, 37]. Tobkin did not attempt to file an interlocutory appeal of either order but argues now that the Bankruptcy Court erred in denying his Motion to Compel.

On October 9, 2012, the Bankruptcy Court conducted a hearing on the Motion to Dismiss and Motion for Summary Judgment.  On November 26, 2012, the Bankruptcy Court issued its Opinion [Adv. Pro. No. 12-01415, ECF No. 42], which determined the Cost Judgment to be non-dischargeable under Section 523(a)(7).  On

December 10, 2012, Tobkin filed a Motion for Relief from Judgment or Order ("Motion for Relief") [Adv. Pro. No. 12-01415, ECF No. 47], which the Bankruptcy Court denied on January 17, 2013 (Reconsideration Order") [Adv. Pro. No. 12-01415, ECF No. 59]. Tobkin brought the instant appeal seeking review of the Opinion and the Reconsideration Order.

## II.  Legal Standard

An appellate court reviews *de novo* a bankruptcy court's grant of summary judgment, applying the same legal standard used by the bankruptcy court.  *See In re Delco Oil, Inc.*, 599 F.3d 1255, 1257-58 (11th Cir. 2010); Fed. R. Bankr. P. 7056 (making Fed. R. Civ. P. 56's summary judgment standard applicable in bankruptcy adversary proceedings).  Summary judgment is proper if the pleadings, discovery, any affidavits and disclosure materials on file show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.  Discussion

Discussion

Dischargeability of the Debt

Under 11 U.S.C. § 523(a), certain debts are excepted from discharge in bankruptcy proceedings, including any debt "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, [which] is not compensation for actual pecuniary loss," *id*. § 523(a)(7).  Section 523(a)(7) applies both to civil and criminal penalties.  *See In re Feingold,* 730 F.3d 1268, 1276 (11th Cir. 2013) citing *U.S. Dep't of*

*Hous. & Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Va., Inc.*, 64 F.3d 920, 927-28 (4th Cir. 1995). Here, Tobkin argues the Bankruptcy Court erred in granting summary judgment because the Florida Bar "fatally failed to allege [it is] a 'government' creditor and could never prove [it is] a government entity." DE 9 at 20 of 31. Therefore, the issue on appeal is whether the Cost Judgment the Florida Bar seeks to collect from Tobkin is a fine or penalty *payable to and for the benefit of a governmental unit*.

Governmental Unit

On appeal, Tobkin contends that the Florida Bar is not any type of government entity. DE 9 at 26 of 31. He bases this argument on the fact that the Florida Bar, in response to a request for admission, admitted that it is not a "government entity," as well as the Florida Bar's exclusion from the Bankruptcy Code's definition of a "governmental unit" under 11 U.S.C. § 101(27).

The Response to Request for Admission

At the outset, the Court wishes to point out an important flaw in Tobkin's analysis. Tobkin relies on the fact that the Florida Bar admitted in a request for admission that it is not a governmental "entity" to establish that it is not a governmental unit for purposes of this appeal. This request for admission was improper because it asked for a conclusion of law.[1] The fact that the Florida Bar

---

[1] The Court also notes that the Florida Bar was not alerted by the wording of the request that Tobkin sought the admission to apply to Section 523(a)(7), since the terms

admitted during discovery that it was not a governmental entity cannot alter its actual legal status, nor can it prevent a court from determining its actual legal status under 11 U.S.C. § 523(a)(7) as a matter of law.

Federal Rule of Civil Procedure 36(a) authorizes a party to serve a request for an admission relating to the application of law to fact, but a party may not seek an admission as to a pure conclusion of law.  *See In re Krepps,* 476 B.R. 646, 649 (Bankr. S.D. Ga. 2012) (request for admissions could not be directed towards conclusions of law).[2]  The Bankruptcy Court properly found below that when the Florida Bar, acting

---

"governmental entity" and "governmental unit" are not identical.

[2] *See also In re Stalnaker,* 408 B.R. 440, 448 (Bankr. M.D. Ga. 2009) *aff'd sub nom. Stalnaker v. Karl,* 5:09-CV-252 (CAR), 2010 WL 1258018 (M.D. Ga. Mar. 26, 2010) (requests for admissions cannot be used to compel an admission of a conclusion of law); *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.,* 234 F.R.D. 1, 3 (D.D.C. 2006) ("In 1970, Rule 36 was amended to allow for requests applying law to fact. It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion.... For example, it would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts.") (internal citations omitted); *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr.28, 2003) ("A party cannot be asked to admit a legal conclusion."); *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) ("[R]equests that seek legal conclusions are not allowed under Rule 36."); 8B Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 2255 (3rd ed. 2008) ("As the Committee Note indicates, even the amended rule does not allow a request for admission of a pure legal conclusion."); *Dobrowski v. Jay Dee Contractors, Inc.*, 2008 WL 2157061 at *1 (E.D. Mich. May 21, 2008) (requests for admissions should not be directed towards conclusions of law) citing *In re Olympia Holding Corp.*, 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995); *English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (requests seeking admissions that the defendant was subject to certain statutes sought improper legal conclusions); *see also, e.g., Garcia v. Clark,* No. 1:10–CV00447–LJO-DLB PC, 2012 WL 1232315, at *11 (E.D. Cal. Apr.12, 2012) (concluding that a request to admit "that for three years plaintiff was given a reasonable accommodation to take his kosher meals back to his cell" improperly sought the admission of a legal conclusion on the grounds that whether the accommodation was "reasonable" was a legal conclusion); *Holston v. DeBanca,* No. CIV

in a judicial capacity, enforces its regulatory powers over attorney disciplinary proceedings, it is acting as a "governmental unit" under § 523(a)(7).  *See* Opinion at 4 [ECF No. 42]; *see also* Fla. Const., art. 5, sec. 15 (2010).  No admission made during discovery can affect that legal conclusion.

<u>11 U.S.C. § 101(27)</u>[3]

Tobkin argues that 11 U.S.C. § 101(15)[4] defines the universal set of all possible categories of government and because it does not list the Florida Bar, the Florida Bar "has no valid statutory or express constitutional grant of authority to act as government or impose any criminal penalties, fines, or forfeitures.  [The] FL Bar's

---

S-09-2954 KJM DAD P, 2012 WL 843917, at *12–13 (E.D. Cal. Mar.12, 2012) (ruling that in the context of an excessive force claim, several requests for admission improperly sought legal conclusions, noting that the requests did not reference the facts of that case and asked the "defendant to admit various legal propositions, conceding the elements of a claim or affirming certain legal standards"); *Bovarie v. Schwarzennegger*, Civ. No. 08cv1661 LAB (NLS), 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (concluding that several requests seeking admissions pertaining to the "medical standard" of care in California and its prisons impermissibly sought admissions of legal conclusions); *Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (concluding that requests seeking the defendant's admissions that she was a "public figure" as defined in case law and that a specific contract required certain actions by defendant impermissibly sought legal conclusions); *Martin v. Safeco Ins. Co. of Am.*, 2:11-CV-01063 MCE, 2012 WL 3070680 (E.D. Cal. July 27, 2012) (the requests in question were not appropriately phrased as requests for admission involving the "application of law to fact," which would fall within the scope of Federal Rule of Civil Procedure 36(a)(1)(A)).

[3] The term "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.  11 U.S.C. § 101(27).

[4] The term "entity" includes person, estate, trust, governmental unit, and United States trustee.  11 U.S.C. § 101(15).

actions to punish lawyers usurp the legislative arm of exclusive jurisdiction over Florida crimes and penalties." DE 9 at 26 of 31. Thus, Tobkin claims the "FL Bar is not government. [The] FL Bar is a government imposter." DE 9 at 24 of 31. The only authority upon which Tobkin relies for this assertion is Professor Trawick's expression of concern regarding the increase of grievance complaints by litigants and the alleged presumption of guilt assumed by the disciplinary department of the Florida Bar.[5] Tobkin's argument that the Bankruptcy Court erred when it concluded that the origins of the Florida Bar, its authority, and its purpose support the conclusion that it is a "governmental unit" is rejected. DE 1 at 6 of 24. In fact, the Florida Bar has been recognized as an arm of the State of Florida by the Eleventh Circuit Court of Appeals in the context of civil rights suits that may be brought against state actors under 42 U.S.C. § 1983. In *Doe v. Florida Bar,* 630 F.3d 1336, 1342 (11th Cir. 2011), when addressing the elements necessary to assert a claim under § 1983, the Court stated, "the state action element clearly exists."[6] Thus, this Court agrees with the Bankruptcy Court's conclusion that the Florida Bar was created as an arm of the

---

[5] The disciplinary department of The Florida Bar (1) deems every lawyer to be unethical; (2) is largely staffed by persons who never practiced law and do not understand how practice is conducted; (3) will use the lawyer's explanation to find him unethical if possible while his attorney's responses cannot be so used; and (4) are not ashamed to use the prejudiced testimony of fired or disgruntled employees. In short, the lawyer is guilty until he proves otherwise. Trawick, Fla. Prac. & Proc. § 4:14 (2013-2014 ed.)

[6] A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process. *Doe v. Florida Bar,* 630 F.3d at 1342.

Supreme Court of Florida and is therefore a governmental unit.

Last Two Issues

Tobkin attempts to make two final issues with conclusory statements and no further analysis. He argues, (1) "[e]ven if the Florida Bar were deemed a valid governmental unit, then the Florida Bar waived sovereign immunity by filing its proof of claim in Tobkin's bankruptcy case," and (2) the Bankruptcy Court erred as a matter of law by not compelling the Florida Bar to answer all unanswered Requests for Admission. Without factual details, legal argument and supportive authority, the Court rejects these claims out of hand.

## IV.  Conclusion

This Court concludes that the Bankruptcy Court correctly determined that the Cost Judgment was non-dischargeable because (a) the Florida Bar falls within the Bankruptcy Code's definition of a "governmental unit," (b) the Cost Judgment is a "fine" or "penalty;" and (c) the Cost Judgment is not compensation for actual pecuniary loss. Accordingly, it is **ORDERED AND ADJUDGED** that the orders on appeal are **AFFIRMED**. This case is **CLOSED**, and all pending motions are DENIED as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 9th day of January, 2014.

KENNETH A. MARRA
United States District Judge